IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-25-139-RAW |
| ) | |
| DONYAEH KING MCDOWELL, ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the court is the objection of the defendant (#41) to the Report and Recommendation (#32) of the United States Magistrate Judge. The government has not responded to the objection. The Magistrate Judge recommended that the defendant's motion to suppress be denied.

Under Rule 59(b)(1) F.R.Cr.P., the district court may refer suppression motions to a Magistrate Judge for a recommended disposition. In considering an objection, the district court must conduct de novo review and "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Rule 59(b)(3). The undersigned has reviewed the record. *See Gee v. Estes,* 829 F.2d 1005, 1008-09 (10th Cir.1987); *Griego v. Padilla,* 64 F.3d 580, 584 (10th Cir.1995).

The factual background is set forth in the Findings and Recommendation, and the parties' briefing (with one exception to be discussed). J.W. called 911 and his complaint was relayed by the dispatcher to Officer Morrison. The gist was that "two people [were] fighting, talking about firearms." (#40 at 12 ll.11-12). One was a black male wearing an orange hoodie and the other was of unknown race with a gray hoodie. (*Id.* at 13 ll.4-7). There was nothing in the report as to who started the fight. (*Id.* at 23 ll.4-7). No weapon was observed by the reporting person. (*Id.* at ll.16-17). It was reported that a gray Honda was leaving the scene eastbound on Beverly Street (*Id.* at 13 ll.5-11). Officer Morrison initiated a traffic stop because "[i]t was the only gray Honda traveling eastbound on Beverly at the time I was dispatched to the call." (*Id.* at 34 ll.11-14)

Officer Morrison was not told that the defendant started a fight or assaulted anyone. (*Id.* at 25 ll.10-12). He was not told that defendant was in possession of a firearm. (*Id.* ll.16-19). As to the stop itself, a woman was driving and defendant was in the passenger seat. No one was wearing a gray hoodie or an orange hoodie. (*Id.* at 27 ll.20-23). Defendant was wearing a gray shirt. (*Id.* at 19 ll.19-20).

"The Fourth Amendment protects citizens from unreasonable searches and seizures. But police officers may, under *Terry v. Ohio,* 392 U.S. 1 (1968), perform investigatory stops and frisk persons they reasonably suspect have committed a crime." *United States v. Sherwood,* 2025 WL 752342, *1 (10th Cir.2025). To be "reasonable" a police officer's investigatory stop must be "justified at its inception," and the "officer's actions must be reasonably related in scope to the circumstances which justified the interference in the first place." *United States v. Daniels,* 101 F.4th 770, 776 (10th Cir.2024).

The evidentiary hearing focused exclusively on the first prong of this inquiry, as the defendant did not appear to raise the second prong. (*See* #32 at 3 n.2). The undersigned elects to briefly address the second prong as well, but will first examine the resulting search.

The case stands in an odd posture. The defendant asks the court to find the stop of the vehicle was unreasonable at its inception and that all evidence "flowing from the stop" should be excluded. (#41 at 9). In *Sherwood,* the Tenth Circuit addressed the investigatory stop and the search as distinct questions. Unlike the investigatory stop, the search of the vehicle required probable cause. *See Sherwood,* 2025 WL 752342 at *4. Both the defendant's motion (#20 at 3) and the government's

response (#23 at 2) state that officers noted the smell of marijuana from the vehicle. In the Report and Recommendation, the Magistrate Judge writes: "While speaking to the Defendant and S.E., Officer Morrison noted the smell of marijuana from the vehicle. *Based on this*, Officer Morrison and two other law enforcement officers conducted a search of the vehicle and recovered 20 fentanyl pills, marijuana, a smoking device, four cellular telephones, and a firearm and magazine." (#32 at 3)(emphasis added)(footnote omitted). In a footnote to the first sentence, however, it is stated: "This fact is taken from Defendant's Motion to Suppress as there was no such evidence presented at the motion hearing." *Id.* at n.1. This is correct, and accordingly there was no evidence to support a finding of probable cause.

Indeed, no testimony was elicited about the search at all, except for a brief statement by Officer Morrison that he "locate[d]" a firearm. (*Id.* at 33 ll.16-17). "Probable cause to search a vehicle is established if, under the totality of the circumstances, there is a fair probability that the car contains contraband or evidence." *Sherwood,* 2025 WL 752342, *4 (quoting *United States v. Saulsberry,* 878 F.3d 946, 951 (10th Cir.2017)). Officers detecting the smell of marijuana from a vehicle may establish probable cause. *See United States v. Downs,* 151 F.3d 1301, 1303 (10th

Cir.1998). As noted, however, references to smelling marijuana came from statements in the briefing, not testimony at the hearing. The government bears the burden of showing probable cause existed when the search occurred. *United States v. Reza,* 2024 WL 577538,*5 (10th Cir.2024). If the government does not carry its burden, then the unlawfully obtained evidence must be excluded from trial. *Id.* The government did not carry its burden in the case at bar.

The invalidity of the search could end the court's inquiry, but (in case a higher court disagrees) the court briefly reviews the initial stop. The undersigned agrees with the defendant that the investigatory stop was not justified at is inception. An investigatory stop is justified at its inception if the specific and articulable facts and rational inferences drawn from those facts give rise to a reasonable suspicion a person has or is committing a crime, or that criminal activity may be afoot. *Daniels,* 101 F.4th at 776. At the hearing, the crime identified by Officer Morrison as having occurred was a possible assault. (#40 at 16 ll.6-10). Under Oklahoma law, simple assault is a misdemeanor. *See* 21 O.S. §644(A). An investigatory stop may be justified, however, if the officer has a reasonable suspicion of "a crime in progress, a completed felony, or perhaps, a completed misdemeanor." *Poolaw v. Marcantel,* 565 F.3d 721,

736 (10th Cir.2009)(citing *United States v. Moran,* 503 F.3d 1135, 1141-43 (10th Cir.2007)).  The government bears the burden to establish that the officer's suspicion was reasonable. *United States v. Robbins,* 2026 WL 311867, *2 (10th Cir.2026).

Regarding "tips," such as a 911 call, the Tenth Circuit has established a five-factor test to analyze their reliability: (1) "true anonymity," (2) "contemporaneous, firsthand knowledge," (3) "detailed information," (4) "the informant's stated motivation," and (5) corroboration. *Sherwood,* 2025 WL 752342, *3 (10th Cir.2025).  Here, the call was from an identified neighbor and he was observing (as best he could) through a video doorbell.  The court finds the first, second, and fourth factors support reliability.  The third and fifth factor when considered together, however, do not offer such support and in a manner which outweighs the others.

J.W. could only identify the race of one of the two men and his description of clothing was not corroborated by Officer Morrison.  No one in the vehicle was wearing a gray hoodie, no one in the vehicle was wearing an orange hoodie, and the driver was female.  (#40 at 27 ll.20-25.)  The description of the vehicle, as relayed by dispatch to Officer Morrison, was simply "a gray Honda." (*Id.* at 29 ll.13-15).  A suspect's

unprovoked flight and other evasive behavior upon noticing police officers is a pertinent factor in determining reasonable suspicion. *United States v. Madrid,* 713 F.3d 1251, 1257 (10th Cir.2013). Here, the vehicle left the scene before Officer Morrison's arrival and there was no evidence the occupants were aware of his approach.

Moreover, a police officer cannot legally detain a person simply because criminal activity is afoot. The officer must suspect that the particular person stopped has committed or was committing criminal activity. *United States v. Fisher,* 597 F.3d 1156, 1158-59 (10th Cir.2010). The defendant's clothing did not match the description of either individual described in the 911 call. The call did not advise that the defendant started the fight. (#40 at 23 ll.4-7). The description of "a gray Honda" is too generic under the circumstances.

Assuming *arguendo* that the stop was justified at its inception, the court finds the officer's conduct during the detention was not reasonably related in scope to the circumstances which justified the initial stop (i.e., the second inquiry under *Terry*). Although Officer Morrison did not specifically testify about his conduct, "[t]he investigative detention usually must last no longer than is necessary to effectuate the purpose of the stop, and the scope of the detetention must be carefully tailored to its

underlying justification." *United States v. Hunnicutt,* 135 F.3d 1345, 1349 (10th Cir.1998). For the reasons already stated, the mismatch between the 911 description and the vehicle's occupants provided no basis to extend the detention.

Defendant's motion also seeks to suppress post-arrest statements made by the defendant (#20 at 13-14). It is represented that defendant was given *Miranda* warnings before making the statements. Because the Magistrate Judge was recommending denial of the motion, he deferred ruling on that issue. The defendant has filed a separate motion (#33) in that regard. Despite largely granting the motion, the undersigned also declines to rule on the issue at this time. "*Miranda* warnings on their own are not sufficient to make the statement a product of free will sufficient to purge the taint of an illegal search or seizure." *United States v. Purvis,* 663 F.Supp.3d 1233, 1260 (D.N.M.2023)(citing *Brown v. Illinois,* 422 U.S. 590 (1975)). "Although *Miranda* is part of the analysis, the Supreme Court has identified several additional factors that should be considered in determining whether a confession has been purged of the taint of the illegal arrest." *Id.* These factors were not addressed during the hearing under review and the Magistrate Judge should do so in the first instance.

It is the order of the court that the objection of the defendant (#41) to the Report and Recommendation is sustained, and the Report and Recommendation (#32) is not adopted. The detention of the defendant and search of the vehicle violated his Fourth Amendment rights and thus the evidence derived therefrom should be suppressed. The motion of the defendant to suppress (#20) is hereby granted, with the exception of defendant's post-arrest statements, the subject of pending motion #33.

**ORDERED THIS 3rd DAY OF MARCH, 2026.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**